UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | File No. 1:08-CR-127 |
| | : | |
| RANDY BARRETT | : | |
| _____ | : | |

RULING ON MOTION TO DISMISS THE INDICTMENT
(Paper 22)

The Defendant, Randy Barrett, is charged with being a person required to register under the Sex Offender Registration and Notification Act ("SORNA") who traveled in interstate commerce and knowingly failed to update his registration, in violation of 18 U.S.C. § 2252(a). Barrett moves to dismiss the indictment, arguing SORNA violates the Commerce Clause and his due process rights under the Constitution.

I. Factual Background

On October 22, 1991, Barrett was convicted in Massachusetts for rape and abuse of a child in violation of Massachusetts General Laws Chapter 265, Section 22A. Barrett was sentenced to ten years in prison and released on December 13, 2002. Upon release, Barrett signed the Massachusetts Sex Offender Registration form advising him of his responsibility to register as a sex offender. He signed this form again on March 28, 2007 and November 28, 2007. The form states,

> You are advised that you must notify, in writing, the
> Sex Offender Registry Board or the Police Department in

1

> the city or town in which you reside not less than 10
> days prior to any change in residence, employment, or
> attendance at an institute of higher learning.  You are
> further advised that you are required to immediately
> contact and advise of your presence, the appropriate
> authorities in any other state in which you locate
> yourself for the purpose residence, employment, or
> attendance at an institute of higher learning.  Failing
> to do so may subject you to criminal prosecution.

The form did not notify Barrett that failure to register could subject him to prosecution under federal law, nor did it advise him of the penalties for failure to register.

From June 20, 2005 to March 28, 2007 Barrett did not register or update his registration as a sex offender.  He was arrested March 28, 2007 in Massachusetts for failing to register as a sex offender and was convicted of this crime on May 18, 2007.  In May 2008, Massachusetts opened another investigation into Barrett's failure to register as a sex offender.  A warrant was issued for his arrest on June 20, 2008.  During the investigation, law enforcement spoke with Barrett, who indicated he was going to Vermont and would register as a sex offender there.  On July 14, 2008, Barrett was arrested in Vermont for residing in Newark, Vermont without registering as a sex offender.  Barrett admits he failed to properly register in both Massachusetts and Vermont.

II. <u>Analysis</u>

Barrett makes two claims in his motion.  He first argues SORNA violates the Commerce Clause, and next that SORNA violates

his due process rights.  These challenges are identical to those raised recently before District of Vermont Chief Judge William K. Sessions III in <u>United States v. Harrison</u>, No. 2:08-cr-103 (D.Vt. Apr. 10, 2009).  In <u>Harrison</u>, Judge Sessions upheld SORNA against a Commerce Clause challenge because under <u>United States vs. Lopez</u>, 514 U.S. 549, 553 (1995), SORNA is "a valid regulation both of the use of channels of interstate commerce and persons or things or instrumentalities in interstate commerce." <u>Id.</u> at 5.  Judge Sessions reasoned, "Congress may regulate the use of interstate commerce to prevent the spread of harm to the people of other states from the state of origin."  <u>Id.</u>  This Court fully agrees with the detailed and well-reasoned analysis presented in <u>Harrison</u>.  The Court therefore will not reiterate a fundamentally identical decision here, and instead adopts the reasoning presented in <u>Harrison</u>.  Accordingly, the Court rejects Barrett's challenge and finds SORNA is a constitutional exercise of Congress's power to regulate interstate commerce.

Barrett next raises a due process challenge, arguing he lacked sufficient notice of his obligation to register under SORNA because neither Vermont nor Massachusetts have implemented the statute.  The facts and legal argument presented here are, for practical purposes, identical to those in <u>Harrison</u>.  Judge Sessions ruled Harrison "understood that his failure to update his sex offender registration upon moving to another state was

proscribed conduct that could result in substantial criminal penalties." Harrison, No. 2:08-cr-103 at 10. Judge Sessions reasoned such notification satisfied due process. The Court again agrees with the reasoning presented in Harrison and adopts it here. Barrett acknowledges he was repeatedly notified of his obligation under Massachusetts state law to register as a sex offender and keep his registration current. Indeed, Barrett complied with this obligation by filing numerous change of address notifications in Massachusetts. The Court finds no deprivation of due process based on the facts presented here.

The Court notes Barrett's defense counsel presented in oral argument hypothetical scenarios suggesting a defendant's due process rights may be violated where, for example, a defendant properly registers under state law but that registration does not satisfy SORNA. The Court agrees those facts may present a compelling argument that SORNA violates a defendant's due process rights where the defendant has no notice of an independent duty to register under federal law. These are not the facts presented here, however. Barrett did not even attempt to register in the State of Vermont, despite telling law enforcement he planned to do so.

III. Conclusion

Defendant Barrett's Motion to Dismiss the Indictment is DENIED. Further, the Defendant's Motion to Join is DENIED as

4

moot, and the Request to File Under Seal is DENIED.  The Clerk is instructed to unseal the Defendant's Motion (Paper 22) and the Government's Opposition (Paper 23).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 20th day of May, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge